IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Teymur Mehdiyev<br>an individual,<br>Plaintiff<br><br>v.<br><br>Qatar National Tourism Council<br>a/k/a Qatar Tourism Authority,<br>a Government Authority of Qatar,<br>Defendant. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

COMPLAINT FOR DECLARATORY RELIEF UNDER THE LANHAM ACT; FOR REVERSE
DOMAIN HI-JACKING; AND TORTIOUS INTERFERENCE WITH CONTRACT

**NATURE OF THE CASE**

1. This case is brought pursuant to 15 U.S.C. 1114(2)(D)(iv)–(v) and for declaratory relief pursuant to 28 U.S.C. § 2201 to establish that Plaintiff's registration and use of the internet domain name <*visitqatar.com*> (the "Domain Names") is not unlawful under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d) ("ACPA")) or otherwise under the Lanham Act (15 U.S.C. § 1051, *et. seq.*), and to prevent the transfer of the Domain Names to Defendant, which were ordered in an administrative panel decision notified on February 21, 2017 under the Uniform Domain Name Dispute Policy ("UDRP") in a proceeding captioned: *Qatar National Tourism Council v. Teymur Mehdiyev*, WIPO Case No. D2019-1758.

**JURISDICTION AND VENUE**

2. This Court has personal jurisdiction over Defendant because Defendant agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding pursuant to the Uniform Domain Name Dispute Resolution Policy (the "UDRP") concerning the Domain Name. Specifically, Defendant agreed in its UDRP complaint to submit to jurisdiction of the registrar in connection with a challenge of a UDRP decision ordering a transfer of the Domain Names.

1

3. The registrar for the Domain Names is Name.com LLC, having a principal place of business in Denver, Colorado and an address of 414 14th Street, Suite 200, Denver, Colorado 80202, in this judicial district.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this cause arises under 15 U.S.C. § 1114 in that Plaintiff is the registrant of a domain name which has been suspended, disabled, or transferred under a policy provided by the registrar thereof relating to alleged conflict with a trade or service mark claimed by the Defendant.

5. Defendant has directed activity into this judicial district with the intent to deprive Plaintiff of rights under a contract having a situs in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

7. Plaintiff Teymur Mehdiyev is a citizen and resident of Baku, Azerbaijan.

8. On information and belief, Defendant Qatar National Tourism Council a/k/a Qatar Tourism Authority is a governmental authority of Qatar.

## FACTS

9. Plaintiff is an individual in Azerbaijan who is engaged in the development and operation of travel-related Internet websites.

10. In January 2016, the Plaintiff acquired the internet domain name <*visitqatar.com*> via the registrar Name.com, located in this judicial district, and via the <.com> registry operator Verisign, located in the state of Virginia.

11. After registration of the domain name, the Plaintiff proceeded to develop a travel booking website at that corresponding domain name. Having registered the domain name in the United States and developed a website accessible to customers in the United States, in November 2017 Plaintiff sought and obtained a trademark search report and registrability opinion from counsel. Upon receipt of opinion of counsel, Plaintiff proceeded to file a US trademark registration application for "VISIT QATAR."

12. Plaintiff's application was allowed, and Plaintiff is the owner of US Trademark Registration No. 5,517,993 for "VISIT QATAR" on the Principal Register for booking services.

13.   The United States Patent and Trademark Office ("USPTO") has repeatedly and consistently recognized that "Qatar" is a geographic term, and, with respect to Plaintiff's application, required Plaintiff to disclaim the word "QATAR" apart from the mark "VISIT QATAR".

14.   On the other hand, in October 2017, the Defendant filed a US trademark registration application for a stylized logo (reproduced to the right) consisting of the word QATAR with its Arabic equivalent, for registration on the Principal Register:



15.   On February 8, 2018, the USPTO refused the Defendant's registration application under 15 U.S.C. § 1052(e)(2) as merely geographically descriptive.

16.   In response to the refusal of its trademark registration application, the Defendant conceded the descriptiveness of its claimed mark, and amended its application to the Supplemental Register of the USPTO. The application then proceeded to issue as Supplemental Registration No. 5,471,711.

17.   The domain registration contract governing Plaintiff's registration of the Domain Names with Name.com LLC incorporates a non-binding "Uniform Domain Name Dispute Resolution Policy (UDRP)", under which a third party may request transfer of rights under said contract to such party on the basis of a claim of trade or service mark rights. The UDRP is an administrative proceeding, which provides in pertinent part:

> "k. **Availability of Court Proceedings**. **The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded.** If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days (as observed in the location of our principal office) after we are informed by the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official

documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and 3(b)(xiii) of the Rules of Procedure for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name."

(Emphasis Added).

18. On or about July 23, 2019, notwithstanding the refusal of its US trademark registration application to the Principal Register, the Defendant proceeded to file a complaint under the UDRP with the World Intellectual Property Organization.

19. In the UDRP Complaint, Defendant admitted to the jurisdiction of this court as follows:

> "**IX. Mutual Jurisdiction**
>
> (Rules, para. 3(b)(xiii))
>
> [15.]   In accordance with Paragraph 3(b)(xiii) of the Rules, the Complainant will submit, with respect to any challenges that may be made by the Respondent to a decision by the Administrative Panel to transfer the domain name that is the subject of this Complaint, to the jurisdiction of the courts at the location of the principal office of the concerned registrar"

20. In the UDRP Complaint, the Defendant claimed to have trade or service mark rights in the geographic term "QATAR".

21. Notwithstanding the fact that Plaintiff owns a US trademark registration on the Principal Register corresponding to the <*visitqatar.com*> domain name, notwithstanding the USPTO's refusal to register the Defendant's "QATAR" mark on the Principal Register, and notwithstanding the Defendant

4

conceding the merely descriptive nature of "Qatar" in its claimed mark, the Defendant alleged that the domain name was confusingly similar to a mark in which the Defendant claims to own rights.

22. Since Defendant's filing of the UDRP Complaint, the registrar Name.com, on the basis of the Defendant's claim, has maintained a lock on the domain name, preventing the Plaintiff from its full rights under the domain registration agreement. The Plaintiff has been unable to exercise full control over the domain name as a result of the Defendant's action.

23. On November 13, 2019, the World Intellectual Property Organization notified the parties and Name.com LLC of a decision ordering transfer of the domain name to the Defendant.

24. Under the UDRP, Name.com LLC will transfer the Domain Name to the Defendant unless legal action for independent determination of the Plaintiff's rights is commenced by Plaintiff in this judicial district as designated under the domain registration contract by Name.com LLC and as agreed to the "Mutual Jurisdiction" to which the Defendant has expressly admitted to be subject.

25. On information and belief, the Defendant possesses no common law trade or service mark rights in the United States and no rights under the Lanham Act for the word "QATAR" or the mark "VISIT QATAR".

26. On information and belief, the Defendant does not provide travel booking services under a "VISIT QATAR" mark.

### FIRST CAUSE OF ACTION DECLARATORY RELIEF - 28 U.S.C. § 2201
### NO VIOLATION OF LANHAM ACT

27. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 above

28. Plaintiff's registration or use of the Domain Names does not violate Defendant's rights under the Lanham Act. In registering the Domain Name, Plaintiff did not have "bad faith intent," as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from Defendant's alleged trademark. At the time Plaintiff registered the Domain Name and since that time, the Plaintiff has used the Domain Name for a bona fide purpose for which Plaintiff has obtained registration on the Principal Register of United States trademarks.

29. Plaintiff had reasonable grounds to believe that its registration and/or use of the Domain Name was a fair use or otherwise lawful, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii) in accordance with the phrase "VISIT QATAR" and the domain name <*visitqatar.com*>. The Plaintiff had obtained a trademark search report and received legal counsel before pursuing the trademark registration corresponding to the domain name.

30. On information and belief, Defendant has not engaged in interstate commerce in the United States of America in connection with travel booking services, and had not engaged in any such services prior to Plaintiff's registration of the Domain Name.

31. Plaintiff reasonably believes its registration and use of the Domain Names was and is lawful under the Lanham Act.

32. There is an actual controversy with respect to whether the Defendant is entitled to transfer of the Domain Name based on Defendant's rights under the Lanham Act.

33. In the absence of a declaration from the Court, Name.com LLC will transfer the Domain Name to the control of Defendant, and Plaintiff will suffer irreparable harm.

34. Plaintiff s registration and use of the Domain Name does not, and is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Plaintiff with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by Defendant.

35. Plaintiff's registration and use of the Domain Name does not misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiff's or Defendant's goods, services, or commercial activities.

36. Plaintiff's trademark registration establishes Plaintiff as the presumptive lawful and exclusive owner of the "VISIT QATAR" mark in the United States.

## SECOND CAUSE OF ACTION – REVERSE DOMAIN HI-JACKING UNDER 15 U.S.C. § 1114(2)(D)(iv)-(v)

37. Plaintiff incorporates the allegations set forth in paragraphs 1 through 36 above.

38. Plaintiff's Domain Name has been locked beyond Plaintiff's full enjoyment of the benefits of registration thereof in consequence of false statements made by Defendant under a dispute policy (the UDRP) followed by the domain registrar Name.com LLC.

39. Knowing its allegations were not "complete and accurate," Defendant certified otherwise in its UDRP complaint, and claimed that the Plaintiff had "registered and used [the domain names] in bad faith" relative to the Defendant's alleged rights for the purpose of depriving the Plaintiff of its rights under the domain registration contract.

40. Plaintiff has incurred costs in seeking to prevent transfer of the Domain Names as a consequence of Defendant's false statements in the UDRP Complaint.

41. Plaintiff's registration or use of the Domain Name does not violate any cognizable right of the Defendant under the Lanham Act.

42. The Domain Name has been ordered transferred, and would be transferred to Defendant but for this Action.

### THIRD CAUSE OF ACTION –TORTIOUS INTERFERENCE

43. Plaintiff incorporates the allegations set forth in paragraphs 1 through 42 above.

44. Plaintiff has a valid and enforceable contract with Name.com LLC with respect to the registration of the domain name *<visitqatar.com>*.

45. Defendant had knowledge of Plaintiff's domain registration contract with Name.com LLC with respect to the domain name *<visitqatar.com>*.

46. Knowing its allegations were not "complete and accurate," Defendant certified otherwise in its UDRP complaint, and claiming that the Plaintiff had "registered and used [the domain names] in bad faith" relative to the Defendant's alleged rights for the purpose of depriving the Plaintiff of its rights under the domain registration contract.

47. Defendant's misrepresentations in the UDRP Complaint were knowingly made for the purpose of inducing cancellation of Plaintiff's domain registration contract with Name.com LLC, and to deprive Plaintiff of the benefits of its registration contract with Name.com LLC.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against Defendant as follows:

A.  Declaration by the Court, pursuant to 28 U.S.C. § 2201, that plaintiff's registration, ownership and use of the Domain Name <*visitqatar.com*> is lawful and proper and does not infringe on any right the Defendant may claim in the United States;

B.  A Judgment that Defendant has attempted unlawfully to interfere with Plaintiff's rights and expectations under its domain name registration contract;

C.  Cost and expenses, including costs under 15 U.S.C. § 1114(2)(D)(iv)-(v) and reasonable attorneys' fees;

D.  As this is an action "involving a violation of 15 U.S.C. § 1125(d)(1)" by way of determining that no such violation in fact has occurred, "an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just" as provided under 15 U.S.C. § 1117(d); and

E.  For such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

Date: November 26, 2019.                                      Respectfully submitted,

*s/ James Juo*
James Juo
Thomas P. Howard
Thomas P. Howard, LLC
842 W South Boulder Rd., #100
Louisville, CO 80027
303-665-9845
303-665-9847 (fax)
*jjuo@thowardlaw.com*
*thoward@thowardlaw.com*