**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:19-cv-03353- DDD-NRN

TEYMUR MEHDIYEV, an individual,

        Plaintiff/Counterdefendant,

v.

QATAR NATIONAL TOURISM COUNCIL
a/k/a QATAR TOURISM AUTHORITY,
a Government Authority of Qatar,

        Defendant/Counterclaimant.
-----------------------------------------------------------

QATAR AIRWAYS GROUP Q.C.S.C.,
a Qatari Corporation,

        Counterclaimant,

v.

TEYMUR MEHDIYEV, an individual,

        Counterdefendant.

**OPPOSITION TO TEYMUR MEHDIYEV'S MOTION TO DISMISS (Dkt. 32)**

Counterclaimants Qatar Airways Group Q.C.S.C. ("Qatar Airways") and Qatar National Tourism Council ("NTC") hereby submit this Opposition to Plaintiff Teymur Mehdiyev's ("Mehdiyev" or "Plaintiff") Motion to Dismiss Qatar Airways' Counterclaim (Dkt. 32), filed on June 18, 2020 ("Motion" or "Mot.").

## I.     INTRODUCTION

NTC is the owner of the common law trademark VISIT QATAR, which NTC has used commercially in the United States since 2015 to promote tourism to the nation of Qatar. Dkt. 14, NTC Counterclaims ¶ 8. Plaintiff is an adjudged cybersquatter who tried to sell the domain name www.visitqatar.com to NTC for 400,000 Euros. *Id.* at ¶ 28. Plaintiff filed this action to block an arbitration panel's award of that domain name to NTC. *See id.* at ¶¶ 36–37.

In addition to being a cybersquatter, Plaintiff is also a trademark infringer. On his improperly registered website, Plaintiff has prominently displayed the following logo.



Dkt. 14, Qatar Airways Counterclaims ¶ 24. This logo plainly infringes NTC's rights in the VISIT QATAR trademark. Accordingly, NTC has counterclaimed for trademark infringement.

In addition, Plaintiff's logo infringes other trademarks to which NTC is the licensee. Specifically, NTC has licensed the following two registered trademarks from Qatar Airways:

 

*Id.* ¶¶ 4, 10, 12 19, 20. As a mere licensee of these two registered trademarks, NTC cannot file its own suit for trademark infringement. 15 U.S.C. § 1114(1)(b) (liability for infringement of a

2

registered mark may be established only "in a civil action by the registrant"); *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 72 (2d Cir. 2013). Accordingly, NTC asked the owner of these trademarks, Qatar Airways, to join the present suit as a counterclaimant and assert its registered trademarks against Plaintiff. Plaintiff thus faces two different counterclaims for infringement of three different trademarks, all arising from Plaintiff's use of a single infringing mark.

By the present motion, Plaintiff has objected to Qatar Airways' assertion of its counterclaim in this case. Plaintiff's primary argument is that Qatar Airways was required to file a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure. However, the law has been clear at least since the 1966 amendments to the Federal Rules that a non-party may join a suit under Rule 20, without relying on Rule 24, and without filing a motion. Plaintiff ignores most of this law, and fails to meaningfully distinguish the few cases he does address.

Plaintiff also argues that this Court lacks personal jurisdiction over him. But Plaintiff ignores the fact that he chose this forum and thereby consented to jurisdiction. Dkt. 1 (Complaint) ¶ 2. Plaintiff similarly argues that he has not been served with process. But, again, Plaintiff is a party to this action and thus need not be served with a summons. Finally, Plaintiff's request to strike Qatar Airways' counterclaim as "impertinent" appears to be based entirely upon his other meritless requests and therefore should be rejected as well.

## II.    ARGUMENT

### A.    Qatar Airways Properly Joined this Case Under Rule 20

Rule 20 of the Federal Rules of Civil Procedure, entitled "Permissive Joinder of Parties," provides as follows:

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Rule 20 applies equally to the joinder of counterclaimants. As expressly stated in Rule 13(h), "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h). *See also Earthmovers, Inc. v. Massey*, 2008 WL 347695, *2–3 (D. Kan. Feb. 7, 2008) (joining counterclaimants under Rule 20); *Aleynikov v. Goldman Sachs Grp., Inc.*, 2013 WL 5816941, *11–12 (D.N.J. Oct. 29, 2013) (same).

Qatar Airways plainly satisfies the requirements of Rule 20(a)(1). First, under subdivision (A), Qatar Airways and NTC are seeking relief "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Both parties' trademark infringement claims arise out of Plaintiff's use of the logo [Visit Qatar logo] on the Plaintiff's website. Plaintiff's use of this logo is clearly a single occurrence or, at the very least, a series of occurrences.

Second, under subdivision (B), Qatar Airways' and NTC's trademark infringement counterclaims give rise to an abundance of common questions of law and fact. *See* Fed. R. Civ. P. 20(a)(1)(B). For example, both parties' counterclaims will require determination of when Plaintiff's infringing mark was posted on Plaintiff's website, and the revenues earned by Plaintiff from his use of the infringing mark. In addition, Plaintiff's intent in selecting his infringing mark will also be at issue in both counterclaims. *See Utah Lighthouse Ministry v. Found. for Apologetic Info. and Res.*, 527 F.3d 1045, 1055 (10th Cir. 2008) ("intent of the alleged infringer in using the mark" is a factor considered in assessing likelihood of confusion in trademark infringement cases).

Moreover, as both counterclaims are for trademark infringement, all of the legal standards governing trademark infringement and validity will be the same for both counterclaims.

Accordingly, the requirements of Rule 20(a)(1) are met, and Qatar Airways properly joined this case under that Rule.  Tellingly, Plaintiff does not even address the requirements of Rule 20, much less argue that they are not satisfied.  Instead, Plaintiff argues only that Rule 20 is altogether inapplicable.  Mot. at 7.  According to Plaintiff, Rule 20 simply does not allow a new party to join a case as a counterclaimant.  *Id.*  This argument, however, finds no support in the text of Rule 20. Equally important, this argument ignores the plain text of Rule 13(h), which provides that Rule 20 governs "the addition of a person as a party to a counterclaim or crossclaim."  Fed. R. Civ. P. 13(h).  The text of Rule 13(h) plainly contemplates the addition of a new party as a counterclaimant.  Plaintiff's argument also fails to address the holding of *Earthmovers*, 2008 WL 347695 at *2–3, which expressly permits the addition of a new counterclaimant under Rule 20.

Plaintiff's argument is also irreconcilable with *Aleynikov*, 2013 WL 5816941 at *11–12, which again permits the joinder of a counterclaimant under Rule 20.  Plaintiff tries to distinguish *Aleynikov* by arguing that the new counterclaimant in that case was asserting exactly the same counterclaim as the existing counterclaimant.  Mot. at 8.  But the *Aleynikov* court did not limit its holding to cases involving identical counterclaims.  To the contrary, the court applied the plain language of Rule 20(a) and concluded that the case before it "fits easily within this rule." *Aleynikov*, 2013 WL 5816941 at *11.  Plaintiff is essentially asking this Court to ignore the plain language of Rule 20 and substitute in its place a requirement for identical claims.  The Court should reject Plaintiff's argument and apply the plain language of Rule 20.

### B.     Qatar Airways Was not Required to File a Motion Under Rule 20

Plaintiff also argues that Qatar Airways was required to file a motion to join this case. Mot. at 7. Plaintiff again is incorrect. Courts are in agreement that a new party may join a case under Rule 20 without leave of court and without filing a motion. *Aleynikov*, 2013 WL 5816941 at *11; *Northfield Ins. Co. v. Bender Shipbuilding & Repair Co.*, 122 F.R.D. 30, 31-33 (S.D. Ala. 1988); *Vermont Castings, Inc. v. Evans Prods. Co.*, 510 F. Supp. 940, 946 (D. Vt. 1981).

As each of these courts explained, prior to 1966, Rule 13(h) required leave of court before a new party could join under Rule 20. However, the 1966 amendment to Rule 13(h) eliminated this requirement. Consequently, a motion and leave of court are no longer required to bring in new parties under Rule 20. *Aleynikov*, 2013 WL 5816941 at *11; *Northfield*, 122 F.R.D. at 31–33; *Vermont Castings*, 510 F. Supp. at 946. Applying these principles, the *Aleynikov* court permitted a new counterclaimant to join the case without filing a motion. *Aleynikov*, 2013 WL 5816941 at *11. And in *Northfield*, 122 F.R.D. at 31–33, *Vermont Castings*, 510 F. Supp. at 946, and *Barranca Builder, LLC s v. LB/L-Los Santeros Phase I*, LLC, 2003 WL 27385059, *2 (D.N.M. July 17, 2003), the courts went a step further and permitted a counterclaimant to drag in new parties, against their will, as counterclaim-defendants, without filing any motion.

Plaintiff agrees with the holding of *Barranca Builders* that new counterclaim-defendants may be joined without a motion under Rule 20. Mot. at 7. But Plaintiff argues that this holding should be limited to counterclaim-defendants, and should not encompass the addition of new counterclaimants. *Id*. However, Plaintiff offers no reason why a court should permit the more extreme step of joining a new party against its will while barring a party from joining voluntarily. Moreover, Plaintiff's position is directly contrary to *Aleynikov*, 2013 WL 5816941 at *11, and

6

finds no support in the text or history of Rule 13(h) or Rule 20. Plainly, the case law does not justify Plaintiff's innovation requiring a motion under Rule 20. Thus, the Court should reject Plaintiff's argument.

### C. Plaintiff's Personal Jurisdiction and Service of Process Arguments Are Baseless

Plaintiff argues this Court lacks personal jurisdiction over him and therefore cannot hear Qatar Airways' trademark infringement counterclaim. Mot. at 5. This argument is baseless because Plaintiff consented to the jurisdiction of this Court by bringing his claims here. Dkt. 1 at ¶ 2. As the Supreme Court explained long ago:

> The plaintiff having, by his voluntary act in demanding justice from the defendant, submitted himself to the jurisdiction of the court, there is nothing arbitrary or unreasonable in treating him as being there for all purposes for which justice to the defendant requires his presence.

*Adam v. Saenger*, 303 U.S. 59, 67–68 (1938). This remains the law today. *S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) ("parties may consent to jurisdiction . . . by filing an original complaint"); *Grupke v. Linda Lori Sportswear, Inc.*, 174 F.R.D. 15, 17 (E.D.N.Y. 1997) ("a plaintiff, by virtue of bringing suit, waives venue and personal jurisdiction objections to a defendant's counterclaims"); *Ruggieri v. General Well Service, Inc.*, 535 F. Supp. 525, 529 (D. Colo. 1982) ("A forum state may deem a plaintiff to be subject to a suit on a counterclaim in the forum state if he files a lawsuit there"). The Court's personal jurisdiction over the Plaintiff is, therefore, well established.

Plaintiff argues in passing that Qatar Airways' counterclaim "should be dismissed under Rule 12(b)(5) for insufficient service." Mot. at 2. This argument is not developed in the motion

7

Case 1:19-cv-03353-DDD-NRN   Document 37   Filed 07/30/20   USDC Colorado   Page 8 of 12

and, in any event, is equally baseless. "No summons is required with a counterclaim, as plaintiffs who avail themselves of the district court consent to personal jurisdiction." *Schnable v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002). Plaintiff has not identified a genuine deficiency in Qatar Airways' service of its counterclaims.

**D.     Plaintiff's Rule 24 Cases Are Inapposite**

Plaintiff devotes most of his motion to arguing that Qatar Airways was required to file a motion to intervene under Rule 24 to join this case. Mot. at 3–5. Rule 24 provides *one* mechanism for a non-party to join a case. However, as all the authorities cited above demonstrate, Rule 24 is hardly the *only* mechanism. Rule 20 allows a new party to join a case as a counterclaimant, and to join other new parties as counterclaim-defendants. Thus, Plaintiff's assumption that Rule 24 is the exclusive mechanism for joining a new party is contrary to law.

The only purportedly contrary authority Plaintiff cites is dicta in a footnote from *Cocona, Inc. v. Sheex, Inc.*, 92 F. Supp. 3d 1032, 1039 n.1 (D. Colo. 2015). But *Cocona* has nothing to do with joinder of parties. *Cocona* was an action seeking a declaration of non-infringement and invalidity of certain patents owned by the defendant. *Id.* at 1032. The Court dismissed the case for lack of subject matter jurisdiction because the defendant had granted the plaintiff a covenant not to sue under the patents at issue. *Id.* Therefore, the Court found no ongoing case or controversy. *Id.*

The *Cocona* footnote Plaintiff cites arose in the Court's discussion of a Federal Circuit precedent regarding covenants not to sue. *Id.* at 1039 (quoting *Intellectual Property Development, Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1341–42 (Fed. Cir. 2001)). The *Cocona* court quoted extensively from the *Intellectual Property* case, including a statement that a party whose

8

interests are affected by an existing lawsuit should join that suit under Rule 19. *Id.* The *Cocona* footnote attempted to clarify that "Non-parties seeking to participate in an existing lawsuit usually do so by way of Rule 24." *Id.* at 1039 n.1.

This statement was plainly dicta as the issue of joinder of parties was not even before the *Cocona* court. Surely, the Court did not intend for its footnote to create a conflict *sub silentio* with the unbroken line of cases discussed above that hold that a party may join under Rule 20 as well. Moreover, the *Cocona* court stated only that non-parties "usually" join under Rule 24. *Id.* Thus, even in dicta, the Court does not preclude reliance upon Rule 20.

In addition, Plaintiff improperly analyzes the substantive requirements of Rule 24. The standard for permissive joinder under Rule 24(b) is very liberal. The moving party need only show that it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As discussed above, Qatar Airways' trademark infringement counterclaim shares many common questions of law and fact with NTC's trademark infringement counterclaim. Indeed, both counterclaims arise from the use of the very same infringing mark by Plaintiff on the same website. Thus, Qatar Airways easily satisfies the substantive requirements for intervention under Rule 24.

Plaintiff is correct that Rule 24, unlike Rule 20, requires the filing of a motion. Fed. R. Civ. P. 24(b)(1). Accordingly, if, for any reason, this Court concludes that Rule 20 is not available to Qatar Airways, then Qatar Airways reserves its right to file a motion to intervene under Rule 24. In that motion, Qatar Airways would establish again that there are common issues of law and fact between its counterclaim and NTC's counterclaim.

9

### E. Plaintiff's Motion to Strike Is Baseless

As his final argument, Plaintiff asks this Court to strike Qatar Airways' counterclaim under Fed. R. Civ. P. 12(f), asserting the entire counterclaim is "impertinent." Mot. at 8–9. Like Plaintiff's argument about alleged improper service, this argument is entirely undeveloped in the motion. It appears Plaintiff is merely incorporating by reference his prior arguments, and re-casting those arguments as a motion to strike. However, Plaintiff's arguments have no more merit in support of a motion to strike than they did in support of Plaintiff's motion to dismiss. Accordingly, Plaintiff's motion to strike should be denied.

### III. CONCLUSION

Qatar Airways properly joined this case and filed its counterclaim under Rule 13(h) and Rule 20 of the Federal Rules of Civil Procedure. Thus, Plaintiff's arguments about the need for a motion to intervene under Rule 24 are misplaced. In addition, Plaintiff consented to personal jurisdiction and waived any requirement for service of process by voluntarily appearing in this Court as the plaintiff. For these reasons, Plaintiff's motion should be denied.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 30, 2020           By: */s/ Baraa Kahf*
    Lynda J. Zadra-Symes (SBN 156,511)
    Baraa Kahf (SBN 261,144)
    Ryan Walkenhorst (McBride) (SBN 297,557)
    KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street, Fourteenth Floor
    Irvine, CA 92614
    Phone: (949) 760-0404
    Fax: (949) 760-9502
    lynda.zadrasymes@knobbe.com
    baraa.kahf@knobbe.com
    ryan.mcbride@knobbe.com

POLSINELLI PC

John R. Posthumus
Polsinelli PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Phone: (303) 572-9300
Fax: (303) 572-7883
jposthumus@polsinelli.com

Attorneys for Defendant and Counterclaimants
NATIONAL TOURISM COUNCIL
f/k/a QATAR TOURISM AUTHORITY, and
QATAR AIRWAYS GROUP Q.C.S.C.

## CERTIFICATE OF SERVICE

I hereby certify on July 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

*Counsel for Plaintiff:*

>James Juo
>Thomas P. Howard
>**THOMAS P. HOWARD, LLC**
>842 W South Boulder Rd.,
>#100 Louisville, CO 80027
>303-665-9845
>303-665-9847 (fax)
>jjuo@thowardlaw.com
>thoward@thowardlaw.com

*/s/ Baraa Kahf*
Baraa Kahf