IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03353-NRN

Teymur Mehdiyev
Plaintiff

v.

Qatar National Tourism Council
a/k/a Qatar Tourism Authority,
a Government Authority of Qatar,
Defendant.

---

### PLAINTIFF'S SECOND MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND REBUTTAL EXPERT DEADLINE

---

For each of the reasons set forth below, Plaintiff Teymur Mehdiyev respectfully requests that the Court grant a second modification of the Court's Scheduling Order (ECF 29), to briefly extend the deadline for the submission of rebuttal expert reports by one week, through and including April 2, 2021.

### Conferral

Pursuant to Local Rule of Civil Procedure 7.1, the undersigned counsel has attempted to confer with counsel for Defendants, by detailed email correspondence on March 22, 2021, requesting Defendants' position on the instant request for extension. Defendants' counsel has not responded to our correspondence.

1

**Argument**

For the reasons detailed herein, Plaintiff respectfully requests that the current deadline of March 26, 2021 for filing any rebuttal expert reports be briefly extended by an additional seven (7) days, through April 2, 2021. This short extension would have no effect on the other deadlines in the Court's June 5, 2020 Scheduling Order. The deadline for discovery would remain at May 7, 2021, and the dispositive motion deadline at June 11, 2021. Since the discovery deadline is not until May 7, 2021, the requested brief extension will not limit Defendants' ability to depose the rebuttal expert, should they so require. Additionally, if Defendants required a later date for said deposition no objection would be raised.

Rule 16 allows the Court to modify the scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4); *see also* Scheduling Order at 15 (ECF No. 15) ("This Scheduling Order may be altered or amended only upon a showing of good cause."). As detailed below, in the case at hand good cause exists. The drafters of the Federal Rules of Civil Procedure recognized that "the scheduling order is entered early in the litigation and that if a stricter approach to modification were adopted, counsel might be encouraged to request the longest possible time for completing pleading, joinder, and discovery because of a fear that an extension would be impossible." 6A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1522.2 (3d ed. 2008). Good cause exists where "scheduling deadlines cannot be met despite a party's diligent efforts." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation marks omitted).

Plaintiff previously requested a two-week extension of the deadline for rebuttal expert reports, based on the as-yet undetermined illness of Plaintiff's lead counsel James Juo, who to date has handled this matter with very little assistance. At the time of the first request for extension, Plaintiff

expressed concern that Mr. Juo's symptoms resembled those associated with COVID-19, although he had not yet received COVID test results.

Since that time, Mr. Juo received test results which unfortunately confirmed that he is suffering from COVID-19. Due to Mr. Juo's continuing symptoms, he has not returned to work in any manner, and all of the cases he was working on have been reassigned to other attorneys in the office.

In the case at bar, the undersigned counsel Thomas P. Howard and Van Aaron Hughes, neither of whom had any previous involvement in the day-to-day management of this case, have worked diligently to review the pleadings, discovery, and expert report in this matter, and based on the same have begun working with Plaintiff's rebuttal expert. However, given the time involved in the case file analysis, as well as the difficulties involved in then obtaining requested information relevant to the expert issues from our client, located in Azerbaijan, ten time zones away from his counsel and expert, Plaintiff requires a short additional extension in order to properly complete work on the expert rebuttal report.

As indicated above, this one-week extension will not have any impact on the remaining deadlines in the Scheduling Order or cause any prejudice to Defendants. No trial date has been set, so no trial needs to be rescheduled. The discovery and dispositive motion deadlines will remain the same.

WHEREFORE, Plaintiff respectfully requests that the Court grant his motion and modify the Scheduling Order to extend the rebuttal expert deadline by seven (7) days, as detailed above.

Executed on March 23, 2021.                    *s/ Thomas P. Howard*
                                               Thomas P. Howard
                                               Van Aaron Hughes
                                               THOMAS P. HOWARD, LLC
                                               842 W South Boulder Rd., #100
                                               Louisville, CO 80027
                                               jjuo@thowardlaw.com
                                               303-665-9845
                                               303-665-9847 (fax)

4

## CERTIFICATE OF SERVICE

I hereby certify that on 3/23/2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Thomas P. Howard