IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03353- DDD-NRN

TEYMUR MEHDIYEV, an individual,

    Plaintiff/Counterdefendant,

v.

QATAR TOURISM,

    Defendant/Counterclaimant

## MOTION FOR APPOINTMENT OF COUNSEL

    I am a plaintiff and a counter defendant in this case and am currently not represented by counsel. I believe that I am unable to proceed with the assertion of my claims and defenses in this case without the assistance of counsel. I believe I qualify for the appointment of counsel from the Civil Pro Bono Panel.

    Under the court's Civil Pro Bono Representation rule, D.C.COLO.LAttyR 15, a judicial officer of this court may enter an Appointment Order authorizing appointment by the clerk of a member of the court's Civil Pro Bono Panel when the following considerations weigh in favor of appointment:

    (1) the nature and complexity of the action **[Describe below:]**

    a. My claim for statutory damages under the ACPA ($1000 to $100,000) plus attorneys fees (precedents available); and

    b. My claim for tortious interference about the defendant's misrepresentation in their WIPO UDRP complaint against me regarding visitqatar.com domain name.

1

**Counterclaims:** Cancelation of my US reg. trademark for VISIT QATAR and trademark infringement.

(2) the potential merit of the claims or defenses of the unrepresented party;

**The record shows the defendant made intentional misrepresentations in its UDRP filing against me to interfere with my ownership and use of my visitqatar.com domain name and website in order to steal it for their own use. The court resolved the cybersquatting issue in my favor in April 2021.**

**Defendant's trademark counterclaims are unsupported by the evidence. The Defendant only posted tweets about visiting Qatar on Twitter since about October 2015, which is not actual use in commerce for the mark Visit Qatar.**

(3) the demonstrated inability of the unrepresented party to retain an attorney by other means;

**I am unemployed and my other income has been almost completely eliminated by the COVID pandemic since March 2020. I receive no support from the government. I paid my life savings, sold all my assets, and then borrowed money from friends and relatives to pay my former attorneys. I have no further ability to pay for attorneys fees.**

and

(4) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel:

**Expose and penalize Qatar Tourism for making false statements to WIPO to steal my valuable domain name visitqatar.com (est. value $230k to $400k) and recover the $119k in attorneys fees that I have already incurred. The issues in my case are important to all domain names registered in the USA.**

D.C.COLO.LAttyR 15(f)(1)(B); *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004).

I am aware that **I am obligated, as a party in this case representing myself, to meet all obligations and deadlines imposed** under the law and the rules of procedure, local rules, and the practice of standards of this court until appointed counsel formally enters an appearance in this case. I also confirm that I understand that, in the event this motion is granted, **there is no guarantee that appointment of counsel results in an attorney(s) automatically entering an appearance in this case** – only that a member of the Civil Pro Bono Panel will review the case for possible representation.

**[Please check one or both of the following options:]**

✔ **General Representation** – I request that appointment of volunteer counsel be granted by the court for *general* representation in this civil action subject to the rules and procedures set forth in D.C.COLO.LAttyR 15.

✔ **Limited Representation** – I request that appointment of volunteer counsel be granted by the court for the *limited* representation purpose of:

3

Drafting motions in limine, responding to motions in limine, assisting with a settlement conference, appearing at a conference on April 26, 2022, appearing at trial on May 16, 2022.

I understand that counsel's *limited* representation may be allowed in accordance with D.C.COLO.LAttyR 2(b)(1), under the auspices of the Civil Pro Bono Panel program and its benefits.

I confirm that I have conferred with the opposing counsel in good faith regarding this motion, as required under local rule D.C.COLO.LCivR 7.1(a) [1].

Dated at Baku *(city)*, Azerbaijan *(state)*, this 27 day January, 2022.

/s/ Teymur MEHDIYEV_____
(Unrepresented Party's Name)

Binagadi district, Rasulzade settlement
Agha Neymatulla str., 20/12
Baku, Azerbaijan

(Address)

WhatsApp/Signal +994556500033
(Phone Number)

---

[1] [**Note:** Local Rule D.C.COLOLCivR 7.1(a) requires a party (including an unrepresented party) to confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party about the subject of their motion before filing the motion and to describe the specific efforts to fulfill this duty. However, the duty to confer is not required under the local rules for a motion filed in a case involving an unrepresented prisoner.]